[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION POST-JUDGMENT
The parties to this case were involved in a long and acrimonious divorce centered around numerous — indeed, endless — items of personal property. Anyone reading the file would have been justified in believing that they were divorced on December 3, 2001, for that is when the court entered a judgment dissolving the marriage. The judgment incorporated a lengthy and detailed separation agreement crafted over many hours by the parties and their dedicated and competent attorneys. The separation agreement incorporated schedules of personal property, including one scores of typewritten pages in length, collectively and painstakingly detailing every item of personalty at issue. Unfortunately, the parties have been unable to separate quite so easily. They have returned to court twice since the dissolution, still trying to sort out property issues, some important and some which could be generously characterized as trivial. They are more than a year into their divorce and it is not over.
The most significant dispute arises from Paragraph 17 of the Settlement Agreement, which requires the defendant to market and sell the name, telephone number, customer list, and show customer list of the business known as Tabletop Designs and to provide the plaintiff with one half of the net proceeds. The plaintiff alleges that the defendant should be held in contempt for his failure to do so. (Motion 153.) The motion is denied. The defendant was not required by Paragraph 17 to sell the business inventory, only its name, phone number, and customer lists. He tried to sell. He was unsuccessful. His testimony that there is no market for the name, phone number, and customer list of the business is credible. Motion 153 is denied.
The plaintiff has also moved for an award of counsel fees in connection with her motions, including the one concerning Tabletops Designs, the one seeking the return of a snowsuit and an address book, and others. The plaintiff has ample resources to pay her own attorneys fees from the sums she actually received as a result of the judgment, and the defendant has CT Page 1597 not been found in contempt with respect to any motion filed. She will pay her own attorneys fees. Motion 154 is denied.
The defendant seeks counsel fees in his Motion 157. It is not clear whether he is disingenuous or merely disorganized in dealing with the items of personal property that the plaintiff is disputing, but his conduct has contributed to the continuation of the dispute. Moreover, both parties have sufficient resources to pay their own attorneys fees. Motion 157 is denied.
Motion 145 is granted in part. The parties' agreement of December 2002 regarding the Judge Gary plates is approved and ordered. The defendant shall produce the Show Customer list requested, the bird picture, and a VCR.
Motion 146 is granted in part. The defendant will bring all books, bags, boxes, crates, and other collections of photographs to his lawyer's office within seven days. All of them. The plaintiff will have seven days from that time to deal with the photos in accordance with the procedure set forth in the judgment. At the end of that time, the photos will be returned to Mr. Negrotti. He will also turn over the address book (the one that was in the kitchen drawer, if there is any doubt). It is not proven that the ski outfit was ever Mrs. Negrotti's, or is now, and Mr. Negrotti can keep it.
Motion 147 is granted in part. Mr. Negrotti shall pay $1,165.00 for the personal property he had in the house and cannot now locate.
Motion 148 is granted by agreement.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J. CT Page 1598